The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Willis. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, with the defendant employing three or more regular employees.
2. The date of any alleged injury by accident is 21 July 1993.
3. At all times pertinent hereto, there was an employee-employer relationship between the plaintiff and the defendant.
4. GAB Business Services is the insurance carrier on the risk.
5. The plaintiff's average weekly wage can be determined from a series of pay stubs (Stipulated Exhibit #2).
6. Plaintiff has not worked for the defendant from 4 August 1993 and continuing through the date of the hearing.
*************
Based upon the competent evidence of record, the Full Commission makes the following additional:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 50 years old, having been born on 16 February 1944. Plaintiff had completed the tenth grade and had earned her G.E.D. in 1991. Plaintiff had worked for twelve years as a supervisor in a contact lens laboratory. Plaintiff had worked for the defendant since May 1988, although it had been owned by another company prior to February 1993. Plaintiff's medical history included a nervous breakdown 25 years earlier, treatment for arthritis of her fingers and ankles in 1980, and a fall at home in 1992 when plaintiff fractured her ankle and tail bone (coccyx).
2. Plaintiff testified that the following occurred: on 21 July 1993 plaintiff bent over at work to lift a sack of potatoes which weighed 50 pounds. As she did this, plaintiff felt a pull in her back and fell against a rack. From the time of this incident, plaintiff experienced low back pain.
3. Plaintiff worked with a co-worker, Shatona Taylor. In July 1993 plaintiff told Ms. Taylor that she (plaintiff) was experiencing back pain, and plaintiff told Ms. Taylor that she (plaintiff) had a doctor's appointment for back problems. However, plaintiff told Ms. Taylor that she believed the cause of her back pain was a kidney infection; and plaintiff did not tell Ms. Taylor of any incident at work when she had hurt her back. Ms. Taylor saw plaintiff every day at work.
4. On 21 July 1993 (Wednesday) plaintiff did not report an accident to anyone, and she finished the workday. Plaintiff testified that she began to experience low back pain on Wednesday night. The next day (Thursday, 22 July 1993) plaintiff worked a full day and did not report an accident to anyone. On Friday (23 July 1993) plaintiff began to experience low back pain, but she did not report an accident to anyone at work.
5. Plaintiff went to Granville Medical Center on Friday (23 July 1993) with two complaints. Her primary complaint was hemorrhoids, and her second complaint was low back pain. Plaintiff did not report any incident at work as causing her low back pain; but instead, plaintiff reported that her back hurt after she was "on her feet all day long." Plaintiff returned to Granville Medical Center on 27 July 1993 and on 2 August 1993 without reporting to her doctor any incident at work. The bills for this treatment were submitted to Connecticut General Insurance Company, not through defendants' workers' compensation insurance plan.
6. On 4 August 1993 plaintiff went to Duke Urgent Care Clinic, and she gave a history to an L.P.N. of constant back pain for two weeks. Plaintiff reported that she recalled lifting heavy groceries before the pain began. Plaintiff has been out of work since the time of this examination.
7. On 12 August 1993 plaintiff went to Duke University Medical Center and was examined by Dr. Eve Lausier. Plaintiff report to Dr. Lausier that her back problems began when she was lifting heavy boxes of groceries at work and lifting a box of potatoes. This was plaintiff's first mention of a box of potatoes. Plaintiff did not tell Dr. Lausier of her prior fall in 1992 when she broke her coccyx; and she told Dr. Lausier that she had been out of work "since all this happened," although plaintiff had worked for two weeks after the alleged event and had only been out of work for about a week. During the straight leg raising test, the results were negative in a sitting position, but were positive in a supine position. Dr. Lausier wrote in her medical note that plaintiff "moves well when unobserved." Dr. Lausier released plaintiff to return to work on 30 August 993, although plaintiff testified that she had not received a release to return to work from Dr. Lausier.
8. Plaintiff went for one session of physical therapy on the recommendation of Dr. Lausier. At this time her symptoms were out of proportion to her examination, and she was not motivated to follow the routine at back school. Dr. Lausier made a return appointment after the physical therapy session, but plaintiff did not keep the appointment.
9. On 16 August 1993 plaintiff went to Carolyn Gattis, a chiropractor. Plaintiff told the chiropractor that her back pain had begun when she lifted a 50 pound box of potatoes and slipped and fell. This was plaintiff's first report that she slipped and fell. Plaintiff received daily treatment from the chiropractor for ten days, and she was referred by the chiropractor to Dr. William Alan Somers, an orthopedic surgeon.
10. The first examination by Dr. Somers was on 26 August 1993. Plaintiff told Dr. Somers that her back problems began when she lifted a 50 pound box of potatoes, but that she could not remember if she was lifting, twisting, or putting down the potatoes when a minor twist occurred with some pain. Plaintiff did not tell Dr. Somers that she had slipped and fell. During straight leg raising test, the results were positive on the right at 70 degrees while in a sitting position and positive at 40 degrees in a supine position.
11. Dr. Somers treated plaintiff conservatively from August 1993 through April 1994. During this time Dr. Somers noted that plaintiff's gait was a "little theatrical"; and Dr. Somers noted some suspicion regarding plaintiff's claim that she fell when her leg "gave away," because there was no physical reason for this to occur. Dr. Somers ordered an MRI in November 1993; and at the time of this procedure, there was a small subligamentos herniated disc centrally at spinal level L2 with no neural compression. Dr. Somers continued conservative treatment for five more months. On 11 April 1994 Dr. Somers performed a partial hemilaminectomy/discectomy at spinal level L2 on the right. At the time of the hearing, plaintiff was continuing to receive treatment from Dr. Somers.
12. Because of conflicting statements plaintiff gave to her initial treating physicians, and because plaintiff did not report an accident to her supervisors for two months, and because plaintiff did not tell her co-worker of any accident, the Full Commission finds that there is insufficient evidence of record from which the Full Commission can infer from its greater weight that plaintiff injured her back at work during a cognizable time while performing her assigned work duties. Plaintiff's testimony to the contrary is found not credible. Plaintiff's account regarding an alleged injury lifting a 50 pound box of potatoes on July 21, 1993 is not credible. First, plaintiff's failed to provide immediate notice to her supervisor. Second, she never mentioned to her treating physicians during four visits from July 23, 1993 through August 2, 1993 that she had injured her back lifting potatoes. Third, even after plaintiff began describing the alleged potato lifting incident, she gave inconsistent descriptions of the incident. Fourth, plaintiff's description of her symptoms to her physicians have been inconsistent and she failed to be truthful regarding a previous trauma to her back.
*************
The foregoing stipulations and findings of fact engender the following:
CONCLUSION OF LAW
On 21 July 1993 plaintiff did not sustained an injury by accident arising out of and in the course of her employment with defendant-employer, in that she did not injure her back as a result of a specific traumatic incident while performing her assigned work duties. N.C.G.S. § 97-2 (6).
*************
The foregoing stipulations, findings of fact and conclusion of law engender the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs, except that defendants shall pay an expert witness fee in the amount of $600.00 to Dr. Somers if they have not already done so.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/ ______________________ COY M. VANCE COMMISSIONER